## UNITED STATES *v.* VINSON.

*(District Court, E. D. Michigan.* May 16, 1881.)

**1. INTERNAL REVENUE—REV. ST. § 3244—DEALERS IN TOBACCO.**

    Employers who buy tobacco and deal it out to their employes at cost, charging them with its cash cost when thus delivered, are subject to the special tax required to be paid, under section 3244 of the Revised Statutes, by those " whose business it is to sell or offer for sale manufactured tobacco."

An information was filed against Vinson, charging him with selling and offering for sale manufactured tobacco without payment of the special tax required by law. Upon examination, defendant made the following statement of facts, which the district attorney accepted, and the question was submitted to the court whether, upon such state of facts, a jury would be authorized to return a verdict of guilty. The statement was that the defendant had a lumber camp in Isabella county; that he had about a dozen men at work; that he bought tobacco and paid for it, and took it into his camp, and gave it out to his men as they wanted it, charging them with the amount of cash that the tobacco cost him when it was delivered to the men; that he charged them with cash instead of tobacco, the amount of cash charged from time to time for tobacco being the value of the tobacco delivered.

BROWN, D. J. That the payment of employes in tobacco, even at cost price, is technically a sale, I have no doubt, since there is a passing of property from a vendor to a vendee for a valuable consideration, which is all that is necessary to constitute a sale within the meaning of the law. If the consideration were money it would be strictly a sale; if the tobacco were credited on account of labor, it would be an exchange of tobacco for labor, but a sale so far as the legal consequences of the act in this connection are concerned.

Whether, however, a transaction of this kind is within the spirit of the act requiring the payment of a special tax by one "whose business

it is to sell or offer for sale manufactured tobacco," (Rev. St. § 3244,) is a point open to considerable doubt. At first I was strongly inclined to the opinion that it was not. Such appears to have been the ruling of the internal revenue department, judging from a letter of the commissioner to the collector at Savannah. 24 Int. Rev. Record, 113.

In construing doubtful cases of this kind the possible consequences to the government and to individuals ought to be borne in mind. The law being one for the raising of revenue, it ought to be construed liberally in favor of the government; and dealers who carry on the business and pay the proper special tax, ought to be protected, as far as possible, from the competition of those who, paying no tax, encroach upon their trade. While it may be a very convenient arrangement for the employers of labor, whether farmers, lumbermen, or manufacturers, to supply their hands with liquor and tobacco in lieu of money, and charge the cost of the same upon their pay-rolls, it will readily be seen that if this power be given to farmers and lumbermen employing a number of laborers, the same principle would apply to railway and manufacturing corporations, employing hundreds and even thousands, and the business of licensed dealers, who would otherwise supply tobacco to these men, be seriously injured.

Upon the whole, I am disposed to hold that men who habitually deal out to their employes manufactured tobacco, even for their own accommodation, and at cost price, are subject to the special tax; and that upon the state of facts presented by this record the defendant might properly be convicted.

I understand a similar ruling to have been made by Judge Brooks, of the eastern district of North Carolina; and I am also authorized to say that the circuit judge concurs in this opinion.